UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYRONE LIGON,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>        Defendants. | Civil Action<br>No. 22-5031(CPO) (MJS)<br><br>**OPINION** |

**O'HEARN, District Judge.**

Before the Court is Plaintiff's Complaint raising claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). For the reasons stated in this Opinion, the Court will dismiss with prejudice Plaintiff's claims against the United States, the Department of Justice, and the Bureau of Prisons, for lack of subject matter jurisdiction and dismiss without prejudice the remainder of the Complaint for failure to state a claim.

## I. BACKGROUND[1]

This case arises from Plaintiff's medical care at Metropolitan Detention Center ("MDC") Brooklyn and Federal Correctional Institution ("FCI") Fort Dix. (ECF No. 1, at 5–6.) The Court will broadly construe[2] the Complaint as naming the United States, the Department of Justice, the Bureau of Prisons ("BOP"), and the Director of the BOP as Defendants in this matter.

---

[1] The Court will accept as true the factual allegations in the Complaint for the purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

[2] The Complaint only lists the United States in the caption. (ECF No. 1, at 1.) In the list of Defendants, Plaintiff names the "Department of Justice – Bureau of Prisons," as the first defendant, but lists the Director of the BOP under the "official position" section. (*Id*. at 4.) Plaintiff lists "N/A" for the second defendant section on the form. (*Id*.) In his Complaint, Plaintiff does allege that the Director is responsible for his injuries, by "virtue of being the head person" for the BOP. (*Id*. at 4–6.)

According to Plaintiff, in February of 2021, doctors diagnosed him with a brain tumor after he experienced repeated seizures. (*Id*. at 5.)  Plaintiff was admitted to New York University – Langone Hospital ("NYU Langone") on February 3, 2021, and underwent brain surgery on February 17, 2021. (*Id*.)  The surgeons, however, were only able to remove 95% of the tumor. (*Id*.)  Plaintiff's doctors at NYU Langone installed a shunt in his brain on March 25, 2021, and advised that they would need to remove the shunt after six months and perform a Magnetic Resonance Imaging scan ("MRI") no later than October of 2021. (*Id*. at 6.)  The BOP, however, did not provide Plaintiff with these follow-ups while Plaintiff resided at MDC Brooklyn.  (*Id*.)

The BOP transferred Plaintiff to FCI Fort Dix in November of 2021, and the BOP provided Plaintiff with an MRI on January 21, 2022. (*Id*. at 6.)  Plaintiff appears to allege that as of January 23, 2022, the BOP failed to provide him with the shunt removal follow-up. (*Id*.)  Plaintiff offers no further details, except to allege that the above actions were "under the direction of the . . . Bureau of Prison's Director and his medical departments at both facilities." (*Id*. at 5–6.)

Plaintiff filed the instant Complaint in August of 2022.  In terms of relief, Plaintiff seeks punitive and compensatory damages in the amount of $100,000,000.00. (*Id*. at 6.)

## II.  STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff sues "a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A(a). District courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).  When considering a dismissal for failure to state a claim on which relief can be granted, courts apply the same standard of review as that for

2

dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6).  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Consequently, to survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In addition to these pleading rules, a complaint must satisfy Federal Rule of Civil Procedure 8(a), which states that a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019).  Stated differently, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

## III. DISCUSSION

Plaintiff brings this action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In order to state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution or laws of the United States; and (2) that a person acting under color of federal law caused the deprivation. *See Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006). The Court will construe the Complaint as alleging that Defendants were deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendment. As a preliminary matter, however, the Court will address the issue of immunity, as it appears from the face of the Complaint that Plaintiff has sued a number of Defendants that are immune from suit.

### A. Sovereign Immunity

Under our jurisprudence, sovereign immunity bars any claims against the United States, federal agencies, and federal officials in their official capacities, unless the United States explicitly waives its immunity. *See, e.g.*, *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001); *Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008); *Jaffee v. United States*, 592 F.2d 712, 717–18 (3d Cir. 1979); *Belt v. Fed. Bureau of Prisons*, 336 F. Supp. 3d 428, 436 (D.N.J. 2018). In other words, "the United States is not subject to suit for constitutional torts, including the civil rights claims Plaintiff seeks to raise, and is entitled to absolute sovereign immunity in this matter." *See, e.g.*, *Pittman v. United States*, No. 21-10123, 2021 WL 2260518, at *2 (D.N.J. June 2, 2021) (footnote omitted).

Similarly, federal agencies and entities, like the United States Department of Justice and the Bureau of Prisons, are also immune from suit in civil rights matters, because they have not explicitly waived sovereign immunity. *See e.g.*, *Webb v. Desan*, 250 F. App'x 468, 471 (3d Cir.

2007); *see also Gary v. Gardner*, 445 F. App'x 466–67 (3d Cir. 2011). "Sovereign immunity not only protects the United States from liability," but it also "deprives a court of subject matter jurisdiction over claims against the United States." *Richards v. United States*, 176 F.3d 652, 654 (3d Cir. 1999) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)).

Consequently, this Court lacks subject matter jurisdiction over these claims, and the Court will dismiss with prejudice Plaintiff's claims against the United States, the United States Department of Justice, and the BOP.

### B. Remaining Claim

As to the remainder of the Complaint, it appears that Plaintiff wishes to pursue a supervisory liability claim against the Director of the BOP. As a general rule, however, government officials are not liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior. See Iqbal*, 556 U.S. at 676; *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); *Robertson v. Sichel*, 127 U.S. 507, 515–16 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of subagents or servants or other persons properly employed by or under him, in discharge of his official duties").

In general, there are two ways in which supervisors may be liable for the unconstitutional acts of their subordinates. First, liability may attach if a supervisor, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). A policy generally involves a "statement, ordinance, regulation, or decision officially

adopted and promulgated by [the governing] body's officers." *Monell*, 436 U.S. at 690. A custom, although lacking the formal approval of a policy, refers to those official practices which are "so permanent and well settled as to constitute . . . the force of law." *Id.* at 691.

A plaintiff "must identify a custom or policy . . . and specify what exactly that custom or policy was" to satisfy the pleading standard. *Sheils v. Bucks Cty. Domestic Relations Section*, 921 F. Supp. 2d 396, 417 (E.D. Pa. 2013) (citing *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001)) (noting that although this standard typically applies to municipal entities, it "applies with equal force to supervisory liability claims premised on a 'policy, practice, or custom' theory"). Under the second approach, a supervisor "may be personally liable if he participated in violating [] rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinates' unconstitutional conduct." *Estate of Moore v. Cumberland Cty.*, No. 17-2839, 2018 WL 1203470, at *4 (D.N.J. Mar. 8, 2018).

To demonstrate that a subordinates' delay or denial of medical care violated one's rights under the Eighth Amendment, a plaintiff must demonstrate: "(1) that the [subordinates] were deliberately indifferent to [the plaintiff's] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the person "knows of and disregards an excessive risk to inmate health or safety." *Natale*, 318 F.3d at 582 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). More specifically, courts have found deliberate indifference where a person: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197.

Courts give deference to prison medical authorities in the diagnosis and treatment of patients and will not "second-guess the propriety or adequacy of a particular course of treatment . . . [which] remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979).  Similarly, allegations of medical malpractice or negligent treatment do not rise to constitutional violations. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (per curiam).

With those principles in mind, the Complaint contains no factual allegations specific to the Director of the BOP. (ECF No. 1.)  For example, Plaintiff fails to describe how the Director established or maintained any particular policies or customs, or how those policies or customs specifically caused or contributed to his injuries. (*Id*. at 5–6.)  Similarly, Plaintiff fails to allege that the Director had knowledge of, and acquiesced in, the actions of any particular subordinate. (*Id*.)  Indeed, Plaintiff does not appear to allege that the Director personally knew him, or that he was aware of Plaintiff's medical care. (*Id*.)  Plaintiff does allege that his medical care was "under the direction" of the Director but fails to allege how or when the director directed anyone to violate Plaintiff's rights. (*Id*.)  Nor does Plaintiff explain what those directions entailed. (*Id*.)

Rather, Plaintiff seems to argue that the Director is liable simply for being a supervisor. Once again, however, government officials are not liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *See Iqbal*, 556 U.S. at 676.  In simpler terms, a supervisor is not liable for the unconstitutional conduct of his employees solely because he is a supervisor.  Ultimately, Plaintiff's supervisory liability claim is based on bare conclusions, which are insufficient to state a claim for relief. *Kaplan v. Holder*, No. 14-1740, 2015 WL 1268203, at *4 (D.N.J. Mar. 18, 2015) (citing *Iqbal*, 556 U.S. at 678).  Consequently, the Court will dismiss without prejudice Plaintiff's claims against the Director of the BOP.

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss with prejudice Plaintiff's claims against the United States, the Department of Justice, and the BOP, for lack of subject matter jurisdiction and dismiss without prejudice the remainder of the Complaint for failure to state a claim. An appropriate Order follows.

Dated: January 31, 2023

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**